UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

WILLIAM PATRICK,                                :

             Plaintiff,               :        **MEMORANDUM AND ORDER**

         -against-                       :        08 Civ. 470 (SHS)(KNF)

CITY OF YONKERS POLICE OFFICER    :
McGARLAND,
                                                :
             Defendant.
------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      William Patrick ("Patrick"), proceeding pro se and in forma pauperis ("IFP"), commenced this action, pursuant to 42 U.S.C. § 1983, alleging the police sprayed mace in his eyes, punched him and stripped him of his clothes before taking him to a county jail. Before the Court is the plaintiff's letter, dated June 23, 2008, requesting that counsel be appointed to assist him in prosecuting this action. The letter memorializes an oral request made by the plaintiff during a pretrial conference the Court held with the parties on June 16, 2008.

      28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any [] person unable to [afford] counsel." The appointment of counsel is within the court's broad discretion. See Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986), cert. denied, 502 U.S. 986, 112 S. Ct. 596 (1991). Since the plaintiff is proceeding IFP, Section 1915(e)(1) applies to him. Where, in a civil action, an indigent plaintiff applying for appointment of counsel fails to make any effort to engage counsel, appointing counsel for the applicant would not be

1

appropriate.  See Abukar v. Comm'r of Soc. Sec., 07 Civ. 1770, 2007 WL 2729858, at *2 (S.D. Cal. Sept. 19, 2007).  In determining whether to appoint counsel, a district court "should first determine whether the indigent's position seems likely to be of substance."  Hodge, 802 F.2d at 61.  If this threshold requirement is met, the court should then consider:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.
>
> Id. at 61-62.

To prevail on the Eighth Amendment excessive force claim, made pursuant to 42 U.S.C. § 1983, a plaintiff must show that: (a) objectively, the deprivation alleged is sufficiently serious to reach constitutional dimensions; and (b) subjectively, the defendant acted wantonly.  See Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993).  Personal involvement of a defendant in an alleged federal civil rights violation "is a prerequisite to an award of damages under § 1983."  Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)(citation omitted).

In his complaint, Patrick alleges that, on September 26, 2007, he was stopped by the City of Yonkers Police Officers, who grabbed and twisted his wrist and "about four or five officers" sprayed mace in his eyes, threw him on the ground and punched him in his head and back. According to Patrick, he was stripped of his clothes, shackled and taken to St. Joseph's Hospital where: (i) he was treated for lacerations on his shoulder; (ii) his eyes were flushed; and (iii) he received medication for lower back pain.  Patrick also alleges that his head was bleeding when he arrived to the hospital, but he did not need stitches.  Thereafter, Patrick maintains, he was taken

to a county jail, in his underwear.

In his request for appointed counsel, Patrick states he needs counsel to help him with prosecuting this action. Patrick does not indicate he made any efforts to engage counsel. In the caption of his complaint, Patrick named Police Officer McGarland as the only defendant. However, in the body of his complaint Patrick alleged multiple police officers were involved in the alleged conduct, without mentioning their names. It appears, from the face of the complaint, that Patrick failed to allege McGarland's personal involvement in the alleged violation, a prerequisite for an award of damages under 42 U.S.C. § 1983. Moreover, the injuries Patrick claims to have received on September 26, 2007, do not appear to be sufficiently serious to amount to a constitutional violation, as required in order to sustain a use-of-excessive-force claim under the Eighth Amendment. In a circumstance such as this, where an applicant for appointed counsel made no effort to engage counsel and where it does not appear, from the face of the complaint, that the claim asserted has merit, the Court finds that appointing counsel to assist the plaintiff is not warranted. Therefore, the application, for appointed counsel, is denied.

Dated: New York, New York
July 7, 2008

SO ORDERED:

_/s/ Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

William Patrick
Rory C. McCormick, Esq.

3